GRITT, JUDGE:
Claimant brought this action for personal injury which occurred when the mountain bicycle he was riding struck a hole while he was traveling through the intersection of Pleasant Street and Spruce Street in Morgantown, Monongalia County. Pleasant Street and Spruce Street are both roads maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred between 11:30 a.m. and 12:00 p.m. on May 6, 2000, a clear and sunny day. Pleasant Street and Spruce Street are both two-lane highways at the area of the incident involved in this claim. Mr. Panrell testified that he was test riding a bicycle from a local bicycle store. He had taken it for a ride around the city and had stopped at the home of George and Mary Beth Patandreas *41 to show them the bicycle. They were all considering purchasing new bicycles so that they could ride the rail trail in Morgantown, and Mr. Panrell had decided to show them the bicycle he was considering to purchase. While traveling back to the bicycle store, claimant testified that he was crossing the Pleasant Street bridge. He began to slow down as the light at the intersection was red for traffic traveling in his direction. As he neared the intersection of Pleasant Street and Spruce Street, the light changed to green and he looked at the traffic at the intersection to make sure that it had stopped for the traffic light. Mr. Panrell stated that it was then that he saw a hole in the road that he had not seen before. The bicycle he was riding struck the hole causing claimant to lose control and fall from the bicycle. Mr. and Mrs. Patandreas went to the scene of the accident after receiving a telephone call informing them that Mr. Panrell had been injured. Mr. Patandreas testified that the hole in the pavement was about 27 or 28 inches long, and between five and six inches deep. Mr, Panrell sustained a broken left arm. He underwent surgery to repair his arm and had pins inserted into the bone in his arm so it would heal correctly. Claimant paid $250.00 for a traction device to use in his physical therapy. He also paid $300.00 of his medical bills and $425.00 for physical therapy sessions. Mr. Panrell’s insurance paid the remainder of his medical bills in the amount of $9,425.55. The claimant incurred a total of $975.00 in unreimbursed medical expenses as a result of this accident.
Mr. Panrell testified that before this accident he was very active in outdoor activities. He stated that he formerly engaged in sky diving, scuba diving, skiing, rock climbing, white water rafting, bicycling, and riding motorcycles, among other activities. He had been a volunteer emergency medical technician for Blacksville EMS for ten years prior to the accident serving as a crew chief, but he was no longer a volunteer at the time of the accident herein. He has been employed by Consolidated Coal at the Blacksville Number 2 mine as a warehouse technician clerk since 1978 and he returned to his position some ten to eleven weeks after the accident. He also serves as an EMT while he is on duty at the coal mine if the need arises. Mr. Panrell stated that following the accident he was advised by his doctors to do nothing that would create a repetitive shock to the bone in his left arm. He is able to continue in his employment with the coal mine but he has modified how he performs his job duties to accommodate the reduced strength in his left arm. He also testified that he no longer can rock climb or rappel since he cannot support his weight with his left arm. Mr. Panrell testified that he and a group of friends would routinely get together for activities prior to the accident, but since the accident he has been unable to join them in many of the activities due to the limited use of his left arm.
The position of the respondent is that it did not have actual or constructive notice of the condition at the intersection of Pleasant Street and Spruce Street at the site of the claimant’s accident for the date in question.
Kathy Westbrook, Highway Administrator for the respondent in Monongalia County, testified that she had no knowledge of any holes at the intersection of Pleasant Street and Spruce Street in Morgantown for the date in question. She stated that generally if there is a hole in the road that is an inch or an inch and a half in depth and that crews would try to patch it. Ms. Westbrook stated that there was patching done along this stretch of road on May 29,2000, with temporary cold patch. She stated that the temporary cold patch can last for a long time or only very shortly after being put in place due to weather and traffic conditions. Ms. Westbrook further stated that she had not received any telephone calls or complaints about a hole at the intersection of Pleasant Street and Spruce Street prior to the claimant’s incident.
Ralph Henderson, Crew Chief for the respondent in Monongalia County, *42 testified that on March 23, 2000, he was in charge of a prison crew that was doing temporary cold patching on U.S. Route 119, which included the intersection of Pleasant Street and Spruce Street. Mr. Henderson stated that he did not recall patching a hole at the site of claimant’s accident. He further stated that he did not receive any complaints about a hole at this intersection between March 23, 2000, and the date of claimant’s accident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimant’s bicycle struck and that the hole presented a hazard to the traveling public. Photographs in evidence depict the hole and provide the Court an accurate portrayal of the size and location of the hole at the intersection of Pleasant Street and Spruce Street. The size of the hole and the time of the year in which claimant’s incident occurred leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the medical expenses that he incurred. Further, due to the nature of the permanent injury to the claimant, his diminished capacity to enjoy life and the pain and suffering he endured, claimant may make a recovery for the loss he has experienced.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $975.00 for his medical expenses and $100,000.00 for his permanent injury, pain and suffering and diminished capacity to enjoy life.
Award of $100,975.00.